

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN, TEXAS 78711**

JOHN L. HILL
ATTORNEY GENERAL

October 30, 1973

The Honorable Garland W. Fulbright
Executive Director
Commission on Fire Protection
  Personnel Standards & Education
2209 Hancock Drive, Suite B
Austin, Texas 78756

Opinion No. H- 141

Re:    Whether Article 4413(35),
§ 6(a) applies to changes
in employment after
September 1, 1972, and
related questions

Dear Mr. Fulbright:

Your request for an opinion poses the following questions:

1.    In the event fire protection personnel obtain employment in a municipality other than the one where they were serving under permanent employment prior to September 1, 1972, would they be subject to the required training for certification within one year from the date of their appointment to the new position in accordance with Article 4413(35), § 6?

2.    Do personnel who receive pay from the fire department, wear fire department uniforms, who may or may not be assigned firefighting duties, and who are employed in the operation of ambulances have to meet the minimum training standards required of fire protection personnel?

Article 4413(35), § 1, Vernon's Texas Civil Statutes, creates the Commission on Fire Protection Personnel Standards and Education, authorized to "establish minimum educational, training, physical, mental, and moral standards for admission to employment as fire protection personnel", etc. The Act provides in its § 6(b) that:

> "No person after September 1, 1972, shall be appointed to a municipal fire department, except on a temporary or probationary basis, unless such person has satisfactorily completed a preparatory program of training in fire protection at a school approved or operated by the Commission . . . ."

However, in § 6(a) of the Act it provides:

> "Fire protection personnel already serving under permanent appointment prior to September 1, 1972, shall not be required to meet any requirement of Subsections (b) and (c) of this section as a condition of tenure or continued employment . . . . The Legislature finds, and it is hereby declared to be the policy of this Act, that such fire protection personnel have satisfied such requirements by their experience."

Clearly, the Act provides that fire protection personnel under a permanent appointment prior to September 1, 1972, so long as they serve under that appointment, shall not be required to meet the training requirements of Subsection (b). Your question, however, adds the additional factor of an appointment to a municipal fire department in which the personnel in question did not have a permanent appointment prior to September 1, 1972.

In construing the language of the statute, it is our purpose to determine the legislative intent. In doing this, it is proper to consider the general policy toward the matter legislated upon, the purpose of the legislation, the evils to be remedied, and the object to be accomplished. See Dolan v. Walker, 49 S. W. 2d 695 (Tex. 1932).

We believe that it is obvious the legislative intent in enacting Article 4413(35) was to provide that fire protection personnel be adequately trained. The legislation is not directed at length of service within any particular department. Rather, it requires that such personnel undergo such training as the Commission shall direct. It assumes, as an exception to that requirement, that fire protection personnel, serving under permanent appointment

prior to September 1, 1972, will have acquired the same training by experience and need not undergo the formal program prescribed by the Commission.

In our opinion, this will be true whether the particular person involved remains in one department or transfers to another. We therefore answer your first question that, if fire protection personnel were serving under a permanent appointment prior to September 1, 1972, they do not have to meet the requirements set forth in Subsections (b) and (c) even though they transfer to a fire department of another municipality.

Your second question asks whether personnel who may or may not be assigned fire fighting duties, but who receive their pay from a fire department, wear a fire department uniform and are employed in the operation of ambulances have to meet the minimum training standards required of fire protection personnel by Article 4413(35), § 6.

Section 10 of the Act provides: "This Act shall apply only to fully paid firemen." The Act does not define either "firemen" or "fire protection personnel."

Section 6, in addition to the portions which we have quoted earlier, provides that "No person" shall be appointed to a municipal fire department unless he has completed the training program.

It is our opinion that the Legislature intended that all those in the employ of a fire department who "may" be assigned firefighting duties, even though their primary duties may be as an ambulance driver or attendant, or in some other position, should be required to complete the prescribed training as a prerequisite to receiving a permanent appointment.

We therefore are of the opinion that the requirements of Article 4413(35), § 6 , apply to all personnel of a fire department who may be assigned firefighting duties at any time.

### SUMMARY

1. Fire protection personnel not required to undergo the training provided by Article 4413(35), § 6, V. T. C. S.,

retain that status even though they may become employed in a different municipality.

2.  Personnel of a fire department who are employed in the operation of ambulances, but who may also be assigned firefighting duties, are required to meet the minimum training standards of fire protection personnel required by Article 4413 (35), § 6.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee